# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| ISAAC MICHAEL HARRIS,<br>Plaintiff, | Case No. 1:13-cv-510 |
| vs | Beckwith, J.<br>Litkovitz, M.J. |
| WARDEN, et al.,<br>Defendants. | **REPORT AND**<br>**RECOMMENDATION** |

Plaintiff, an inmate at the Warren Correctional Institution in Lebanon, Ohio, brings this action under 42 U.S.C. § 1983 against defendants Warren Correctional Institution (WCI), the Warden of WCI and WCI officials Ms. Stagmier, Mr. Craft, Mr. Crutchfield, Mr. Makintosh, Ms. Amy Witticker, Doctor Walker and the WCI Mental Health Administrator. (Doc. 1, Complaint). By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i), 1915A(b)(1). A complaint may be dismissed as frivolous

when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams*, 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton*, 504 U.S. at 32; *Lawler*, 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii), 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a

2

factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

Plaintiff, who is proceeding pro se, makes the following factual allegations in his complaint:

> Officers of this institution ha[ve] went over and beyond what is expected of them to defile my name and character. In doing so I have been assaulted, physically and verbally. Placed in harm's way. Denied proper health care and shelter, refused by all divisions. The right to proper rules and guideline as in retaining help, and [i]gnored because of [ce]rt[a]in characteristics I so call display among this Administration in W.C.I. and in furthermore they ignore any negligence, disrespect, intimidation, physical or v[e]rbal harm and etcetera. Because my rights w[ere] violated I filed this instead of the long drawn out process in which they would be able to cover the[i]r mistakes and harm me more. I filed this in regards to 2921.44 Dereliction of duty.

(Doc. 1, Complaint p. 5).

For relief, plaintiff asks for monetary compensation for his pain and suffering and for the correctional institution to erase all conduct reports from his record. *Id.* at 6.

Plaintiff's complaint should be dismissed. As an initial matter, it appears clear from the face of the complaint that plaintiff has not exhausted his administrative remedies. Though exhaustion of administrative remedies need not be pled specifically in the complaint, where it is apparent from the face of the complaint that an inmate has failed to exhaust the prison grievance

procedure sua sponte dismissal is appropriate on initial review for failure to state a claim upon which relief may be granted. *See Gergely v. Warren Correctional Institution*, No. 1:09-cv-757, 2009 WL 4597943, at *3 (S.D. Ohio Dec. 3, 2009) (and cases cited therein). In this case, petitioner appears to indicate that he filed the instant action instead of pursuing relief through the grievance procedure at Warren Correctional Institution. Accordingly, petitioner's complaint is subject to dismissal because it appears clear from the face of the complaint that he has not exhausted his administrative remedies.

In any event, the complaint should be dismissed because it lacks sufficient factual content to enable the Court to conclude his complaint against defendants states a claim for relief under § 1983. Plaintiff fails to allege any facts showing how defendants violated his constitutional rights. While pro se complaints are held to less stringent standards than complaints prepared by an attorney, *see Haines v. Kerner,* 404 U.S. 510 (1972), the Court is not required to conjure up allegations which are not plead. *McGregor v. Industrial Excess Landfill, Inc.*, 856 F.2d 39, 42-43 (6th Cir. 1988). More than bare assertions of legal conclusions are required to satisfy federal notice pleading requirements and a complaint must contain "either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984) (citations omitted) (emphasis in original)). The Court is unable to discern from plaintiff's conclusory assertions what defendants did, or failed to do, to violate his rights. The complaint consists of legal conclusions unsupported by sufficient factual content to enable the Court to conclude that the complaint states a plausible claim for relief against defendants. Since plaintiff's complaint is composed entirely of either pure

4

legal conclusions or "legal conclusion[s] couched as [ ] factual allegation[s]," *Twombly,* 550 U.S. at 555, the complaint fails to state a claim upon which relief may be granted and should be dismissed.

Accordingly, in sum, the Court concludes that the plaintiff's § 1983 complaint is subject to dismissal for failure to state a claim upon which relief may be granted.

**IT IS THEREFORE RECOMMENDED THAT:**

1. The complaint be **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith, and therefore, deny plaintiff leave to appeal *in forma pauperis. See McGore v. Wrigglesworth,* 114 F.3d 601 (6th Cir. 1997).

Date: 8/21/13

Karen L. Litkovitz
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

ISAAC MICHAEL HARRIS,
    Plaintiff,

vs

WARDEN, et al.,
    Defendants.

Case No. 1:13-cv-510

Beckwith, J.
Litkovitz, M.J.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).